Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Lamb, Osborne & Petty, for appellant.

Louis Levy, for respondent.

CONLAN, J.  The sole ground for asking that the attachment be vacated was the insufficiency of the affidavit upon which the same was granted.  The plaintiff, upon certain representations made to him by the defendant's treasurer, had been induced to part with the sum of $700, and these representations were subsequently ascertained to be untrue, as it is alleged.  The defendant does not deny a single allegation, or present any affidavit whatever in support of its motion to vacate, and we are, therefore, to decide the question upon the plaintiff's statement of the case.  We think the allegations were entirely sufficient, and that a cause of action is shown in favor of the plaintiff and against the defendant; and, there being no other question before us for consideration, it follows that the order appealed from should be affirmed, with costs.  All concur.

---

(34 Misc. Rep. 216.)

WILLISON v. JEWELERS' & TRADESMEN'S CO. OF NEW YORK.

(City Court of New York, General Term.  February 28, 1901.)

INSURANCE—PROOF OF DEATH—ESTOPPEL.

An insurance company would not be heard to say in an action on a life policy that satisfactory proof of insured's death had not been furnished, as required by the policy, it appearing that the vice president and adjuster, after being notified of the death, endeavored to have the beneficiary accept a nominal sum.

Appeal from trial term.

Action by Margaret Willison against the Jewelers' & Tradesmen's Company of New York.  From a judgment in favor of defendant, plaintiff appeals.  Reversed.

See 61 N. Y. Supp. 1125.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Isaac N. Miller, for appellant.

Mooney & Shipman, for respondent.

FITZSIMONS, C. J.  The policy of insurance issued by defendant to plaintiff's father provided "that defendant should have satisfactory evidence of the death of the insured."  Upon the trial the complaint was dismissed upon the ground that no such satisfactory evidence of death was presented to it.  The testimony clearly shows that defendant had proper and satisfactory evidence of the death of the insured, because its vice president and adjuster, after they were notified of such death, endeavored to have plaintiff accept a nominal sum for her claim, and, upon her refusal to accept such offer, notified her that she was entitled to nothing.  Thus it appears that they had full and satisfactory evidence of death, but wished to escape their lia-

bility under the policy to pay $500 to plaintiff; also to avoid the payment of any sum, if possible; and had a clear and well-defined determination to pay as little as possible in any event. Such seems to be the habit of many life insurance companies. During the lifetime of the insured they willingly receive all the money he offers, but after his death seem unwilling to pay to the beneficiary the sum fixed by the policy. I think that such a practice should be discouraged, not encouraged.

. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.